■ ANNA M. SALVAMOSER, Appellant, v PRATT INSTITUTE et al., Respondents, et al., Defendant.—In an action, *inter alia,* to recover damages for personal injuries resulting from a criminal assault, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated November 18, 1987, which granted the motion of the defendant Pratt Institute and cross motion of the defendants 205 Ashland Associates and its general and limited partners for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, while on a public street in Brooklyn approximately 1½ blocks from her residence, was accosted by two unidentified assailants. The assailants robbed the plaintiff, threatening her with a gun. They forced the plaintiff back to her residence where one of the assailants went into her

apartment and took various items of personal property, including jewelry. The residence in question was owned by the defendants 205 Ashland Associates, Momtaz, Ebrahimi, Khatib and Nournia and was leased to the defendant Pratt Institute, where the plaintiff was a student. Subsequently, the plaintiff was compelled to travel with her assailants to a bank in Manhattan where she was forced to make a cash withdrawal from an automated teller machine.

The respondents, after the completion of discovery in this action, sought summary judgment. In opposition, the plaintiff alleged, *inter alia,* that, at the very least, there was a question of fact as to whether the respondents had notice of criminal activity on their premises and failed to take adequate precautions to protect tenants from such activity *(see, e.g., Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). There was evidence that at least one of the front doors of the building in question was not locked at the time of the robbery, either because of a defective locking mechanism or because workers on the premises had left it open that afternoon.

The court granted the respondents summary judgment. We affirm. Any actions on the part of the respondents in these circumstances cannot be said to be "a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829). The causal connection between a criminal act on a public street and any negligence on the part of the respondents is too attenuated, as a matter of law, to serve as a basis for the plaintiff's recovery *(see, Santiago v New York City Hous. Auth.,* 63 NY2d 761; *see, Waters v New York City Hous. Auth.,* 69 NY2d 225). Given the criminal behavior which compelled the plaintiff to follow the directions of her assailants, the plaintiff would have been forced up into her apartment *whether or not* the door in question were locked. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.