■ ALONZO HARRIS, JR., et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered January 16, 1992, which, insofar as appealed from granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs, infants, tenants in a housing project owned and managed by defendant allege they were innocent bystanders when an unknown assailant, who was not a tenant in the project, shot them with a machine gun that had been concealed in one of the projects' buildings. We agree with the IAS Court that the complaint does not allege sufficient to show that plaintiffs' injuries were proximately caused by any act or omission on defendant's part in maintaining security in the building where the assailant's weapon had been concealed, and therefore fails to state a cause of action. Although defendant, in its proprietary capacity as a landlord, "has a duty to maintain minimal security measures, related to a specific building itself, in the face of foreseeable criminal intrusion upon tenants" *(Miller v State of New York,* 62 NY2d 506, 513), plaintiffs here do not allege that defendant breached a duty with respect to the physical security of any particular building, as the shooting occurred outside the buildings, nor do they allege that they were injured by an intruder in any particular building. All that can be adduced from a liberal reading of the complaint is the occurrence of "a superseding, intervening act [of an unknown assailant] which was * * * not foreseeable in the normal course of events and independent from defendant's conduct." *(Santiago v New York City Hous. Auth.,* 101 AD2d 735, 736, *affd* 63 NY2d 761; *Tarter v Schildkraut,* 151 AD2d 414, *lv denied* 74 NY2d 616.)

The IAS Court correctly determined that the complaint is insufficient to show the "special relationship" required in order to impose liability on defendant for failing to provide adequate police protection. Such a relationship cannot be premised solely upon the telephone call allegedly made to defendant's police force by a person other than plaintiffs. Despite the failure of the police to respond in time to prevent plaintiffs' injuries, there is no showing by plaintiffs that they relied to their detriment upon assurances of protection by defendant's police (see, Kircher v City of Jamestown, 74 NY2d 251, 257). Concur—Sullivan, J. P., Carro, Asch and Rubin, JJ.