■ STEVEN JOHNSON, an Infant, by His Mother and Natural Guardian, ANGELA JOHNSON, et al., Respondents, v SLOCUM

REALTY CORPORATION, Appellant, et al., Defendants, and CROSSMAN MANUFACTURERS, INC., Doing Business as CROSS-MAN AIRGUNS, Respondent. [595 NYS2d 244] —In a negligence action to recover damages for personal injuries, the defendant Slocum Realty Corporation appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated January 11, 1991, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the cross claims asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the plaintiffs, the appellant's motion is granted, the complaint insofar as it is asserted against the appellant, and the cross claims against it are dismissed, and the action against the remaining defendants is severed.

The infant plaintiff was shot in the head with a BB gun by his teenage friend, the defendant Evan McNeeley. The incident occurred inside the McNeeley apartment, and the gun was allegedly brought to the apartment by the defendant Jeffrey Maurio. The infant plaintiff and McNeely lived in the same apartment complex, which was owned by the defendant Slocum Realty Corporation (hereinafter Slocum). The infant plaintiff alleged, *inter alia,* that Slocum had notice that BB guns were being fired on the premises prior to and on the day of the incident and that Slocum was negligent in allowing the guns to be fired. Slocum moved for summary judgment, asserting that it had no notice of the firing of BB guns on the premises and no duty to prevent the incident that occurred.

We conclude that the court erred in denying Slocum's motion for summary judgment, as the infant plaintiff failed to establish the existence of a duty owed to him by Slocum. There is no dispute that a landowner has a duty to maintain the property in a reasonably safe condition and to take reasonable precautionary measures to protect tenants from foreseeable criminal intrusions on the premises *(see, Miller v State of New York,* 62 NY2d 506, 513). This duty is premised on the owner's control of the premises *(see, Blatt v New York City Hous. Auth.,* 123 AD2d 591). However, the issue here is whether a landowner has a duty to protect a tenant from the conduct of another tenant. Ordinarily, the common law "does not impose a duty to control the conduct of third persons to prevent them from causing injury to others; liability for the negligent acts of third persons generally arises when the defendant has authority to control the actions of such third persons" *(Purdy v Public Adm'r of County of Westchester,* 72

NY2d 1, 8). If special circumstances exist in which there is sufficient authority and ability to control the conduct of others, then a duty may be imposed *(Purdy v Public Adm'r of County of Westchester, supra)*. In the absence of proof of control, we have declined to impose a duty, based on the general principle that "an unreasonable burden would result from the imposition of a duty to guard against the wanton acts of a third party over whom a landlord exerts no control" *(Blatt v New York City Hous. Auth., supra,* at 592-593).

Slocum submitted evidence, through its managing agent, that it did not have actual knowledge that the boys in the apartment were firing a BB gun and that it had not received any complaints of a BB gun being fired on the premises. The evidence presented in the opposing papers failed to create an issue of fact with respect to Slocum's knowledge of this conduct. Moreover, the evidence presented also failed to present an issue of fact as to whether Slocum had the ability to control McNeeley's conduct or any reasonable opportunity or means of doing so. Under the circumstances, Slocum was entitled to dismissal of the complaint insofar as it is asserted against it and of the cross claims asserted against it *(see, Simms v St. Nicholas Ave. Hotel Co.,* 187 AD2d 373; *Firpi v New York City Hous. Auth.,* 175 AD2d 858; *Blatt v New York City Hous. Auth.,* 123 AD2d 591, *supra)*. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.