■ GWENDOLYN ALLEN, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [609 NYS2d 678] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Huttner, J.), dated July 17, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, a tenant in a public housing project owned by the defendant, suffered multiple gunshot wounds as she left her building and was walking towards the project's parking lot. The plaintiff did not see the perpetrator or perpetrators, was unsure where the shots came from, and the guilty person or persons have never been apprehended. Under these circumstances, we agree with the Supreme Court that the defendant is entitled to summary judgment dismissing the complaint.

The criminal act of the unknown assailant or assailants simply was not foreseeable in the normal course of events. In addition, any omission on the part of the defendants to provide security outside the buildings themselves cannot be said to be a substantial cause of the events which produced the injury. The causal connection between a criminal act in an essentially open-air, public area, and any negligence on the part of the defendant is too attenuated, as a matter of law, to serve as a basis for the plaintiff's recovery. Moreover, the mere fact that the plaintiff was a tenant did not, in and of itself, give rise to any special relationship or duty on the part of the defendant to provide adequate police protection *(see, Harris v New York City Hous. Auth.,* 187 AD2d 362; *Salvamoser v Pratt Inst.,* 150 AD2d 666; *Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.