■ Carolyn Siino, Appellant, v Anna Reices et al., Respondents. [628 NYS2d 757] —In an action, *inter alia,* to recover damages for extreme emotional distress, the plaintiff appeals (1) from a decision of the Supreme Court, Queens County (Lane, J.), dated January 3, 1994, and (2), as limited by her brief, from

so much of an order and judgment (one paper) of the same court, dated March 1, 1994, as granted the defendant Roy Rypins' motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Roy Rypins is awarded one bill of costs.

The plaintiff lived in a building with a party wall that adjoined a building owned by the defendant Roy Rypins. The plaintiff alleges that she was caused to endure extreme emotional distress by the conduct of Rypins' tenants, the defendants Anna Reices and Eduardo Reices, who lived in the adjoining apartment. The plaintiff alleged, *inter alia,* that Rypins had notice that his tenants were harassing and threatening her and that Rypins negligently and carelessly failed and neglected to evict the Reices. Rypins moved for summary judgment, asserting that he had no duty to prevent the incident complained of.

We agree with the trial court that the plaintiff has failed to establish the existence of a duty owed to her by Rypins.

It is well-settled law that a landowner has a duty to maintain his property "in a reasonably safe condition and to take reasonable precautionary measures to protect tenants from foreseeable criminal intrusions on the premises *(see, Miller v State of New York,* 62 NY2d 506)" *(Johnson v Slocum Realty Corp.,* 191 AD2d 613, 614). Absent authority to control the conduct of a third person, a landowner does not have a duty to protect a tenant from the conduct of another tenant *(see, Johnson v Slocum Realty Corp., supra).* A reasonable opportunity or effective means to control a third person does not arise from the mere power to evict *(see, Blatt v New York City Hous. Auth.,* 123 AD2d 591, 593).

A review of the evidence presented in the opposing papers evidences that the incidents complained of, although bizarre, arose out of a personal problem between the plaintiff and the Reices. Moreover, the proffered evidence failed to raise an issue of fact with respect to Rypins' ability to control the conduct of the Reices.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.