■ DONNA LEWIS, Individually and as Administratrix of the Estate of WILLIE D. LEWIS, Deceased, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendants. [640 NYS2d 203]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs' decedent was shot and killed by a sniper's bullet while he was standing on a public street near an apartment within a Fort Greene housing project. The sniper, a visitor at the apartment, surrendered to the police and admitted that he had discharged a weapon from inside the apartment.

We agree with the determination of the Supreme Court that the causal connection between the criminal act of a visitor to the housing project and any negligence on the part of the New York City Housing Authority is too attenuated, as a matter of law, to serve as the basis for the plaintiffs' recovery (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; *Concepcicn v New York City Hous. Auth.*, 207 AD2d 857; *Allen v New York City Hous. Auth.*, 203 AD2d 313; *Provenzano v Roslyn Gardens Tenants Corp.*, 190 AD2d 718).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Hart, Friedmann and Florio, JJ., concur.