■ MADELINE E. DALY, as Administratrix of the Estate of PATRICK F. DALY, Deceased, Respondent-Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [642 NYS2d 907] —In an action to recover damages, *inter alia,* for wrongful death, (1) the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated March 28, 1995, as denied the branch of its motion which was to dismiss the complaint insofar as it alleged a cause of action against it sounding in common-law negligence, and (2) the plaintiff cross appeals, as limited by her brief, from so much of the same order as granted the branch of the motion of the New York City Housing Authority which was to dismiss the complaint insofar as it alleged a cause of action to recover damages for breach of a special duty of protection.

Ordered that the order is reversed insofar as appealed from by the defendant New York City Housing Authority, that branch of its motion which was to dismiss the complaint insofar as it alleged a cause of action against it sounding in common-law negligence is granted, the complaint is dismissed in its entirety insofar as asserted against it, and the action against the remaining defendants is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant New York City Housing Authority is awarded one bill of costs.

The decedent, while walking on the grounds of the Red Hook Housing Project, was fatally shot after he was caught in the crossfire of a running gun battle between three teenagers. One of the perpetrators was alleged to be a tenant of the housing project. Thereafter, the plaintiff brought the instant action against, *inter alia,* the defendant New York City Housing Authority (hereinafter NYCHA), the owner of the housing project. Under the circumstances of this case, NYCHA is entitled to summary judgment dismissing the complaint insofar as asserted against it.

A landowner has a duty to maintain its property in a reasonably safe condition and to take reasonable precautionary measures to protect members of the public from reasonably foreseeable criminal acts of third persons (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519; *Fontana v Falides*

*Assocs.,* 202 AD2d 631; *Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718, 720; *Hendricks v Kempler,* 156 AD2d 425; *Iannelli v Powers,* 114 AD2d 157, 161). This duty is premised on the landowner's control over the premises (*see, Johnson v Slocum Realty Corp.,* 191 AD2d 613, 614; *Blatt v New York City Hous. Auth.,* 123 AD2d 591, 592). Contrary to the plaintiff's contention, however, under the circumstances of this case, NYCHA had no reasonable opportunity or ability to control the conduct of the perpetrators (*see, Siino v Reices,* 216 AD2d 552; *Wright v New York City Hous. Auth.,* 208 AD2d 327, 331; *Johnson v Slocum Realty Corp., supra,* at 614-615; *Firpi v New York City Hous. Auth.,* 175 AD2d 858, 859-860; *Blatt v New York City Hous. Auth., supra,* at 593). Moreover, because the tragic shooting incident occurred in the outdoor common area of the housing project NYCHA had no duty to protect the decedent (*see, Concepcion v New York City Hous. Auth.,* 207 AD2d 857; *Allen v New York City Hous. Auth.,* 203 AD2d 313; *Matter of Sanchez v New York City Hous. Auth.,* 194 AD2d 613). To hold otherwise would expose NYCHA "and other similarly situated landowners to a virtual limitless liability" (*Leyva v Riverbay Corp.,* 206 AD2d 150, 155).

Contrary to the plaintiff's contention the Supreme Court properly dismissed the complaint insofar as it asserted a cause of action alleging a special relationship between the decedent and NYCHA. The plaintiff's conclusory and unsubstantiated allegations regarding the existence of such a relationship are insufficient to create an issue of fact warranting the denial of NYCHA's motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Therefore, the complaint is dismissed in its entirety as against NYCHA. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur. [*See,* 164 Misc 2d 861.]