DONNA McPHERSON et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [646 NYS2d 16]

The plaintiff Donna McPherson, a tenant in a public housing

project owned by the defendant, suffered multiple gunshot wounds as she was sitting on a bench located outside of her building. This action was commenced against the defendant to recover damages for her personal injuries and for the alleged psychological harm to her son, who witnessed the shooting.

For liability to be imposed upon a governmental defendant for the breach of a duty which is governmental in nature, such as providing police protection and adequate security, a plaintiff tenant must show that the defendant breached a special duty to him or her (*see, Dawson v New York City Hous. Auth.,* 203 AD2d 55; *Harris v New York City Hous. Auth.,* 187 AD2d 362, 363; *Cuffy v City of New York,* 69 NY2d 255). Here, the plaintiffs did not plead a special duty or show that a special relationship existed. In any event, the criminal act of the unknown assailant or assailants was not foreseeable in the normal course of events. In addition, any omission on the part of the defendant to provide security outside of the building cannot be said to be a substantial cause of the events which produced the injury. The causal connection between a criminal act in an essentially open-air, public area, and any negligence on the part of the defendant, is too attenuated, as a matter of law, to serve as a basis for the plaintiffs' recovery (*see, Miller v State of New York,* 62 NY2d 506; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519; *Allen v New York City Hous. Auth.,* 203 AD2d 313, 314; *Matter of Sanchez v New York City Hous. Auth.,* 194 AD2d 613; *Blatt v New York City Hous. Auth.,* 123 AD2d 591, 592-593). Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.