■ MARY PERRY, Respondent, v NORTHWESTERN REALTY COMPANY et al., Appellants. [654 NYS2d 572] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Belen, J.), dated February 28, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

It is well settled that a landowner has a duty to maintain its property in a reasonably safe condition and to take reasonable precautionary measures to protect tenants from reasonably foreseeable criminal acts of third persons (*see*, *Miller v State of New York*, 62 NY2d 506; *Siino v Reices*, 216 AD2d 552; *Johnson v Slocum Realty Corp.*, 191 AD2d 613). This duty is premised on the landowner's control over the premises (*see*, *Johnson v Slocum Realty Corp.*, *supra*; *Blatt v New York City Hous. Auth.*, 123 AD2d 591, 592). A landlord, however, is not an insurer of its tenants (*see*, *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507). Absent authority to control the conduct of a third person, a landowner does not have a duty to protect a tenant from the conduct of another tenant (*see*, *Siino v Reices, supra*). In the instant case, the defendants established on their motion for summary judgment that the conduct of the tenant-assailant in their building was not reasonably foreseeable. Moreover, the plaintiff's opposition papers, which consisted of conclusory allegations, were insufficient to raise a triable issue of fact (*see*,

*Zuckerman v City of New York*, 49 NY2d 557). Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.