■ NOREEN HAIRSTON, Individually and as Administratrix of the Estate of GEORGE M. HAIRSTON, JR., Also Known as GEORGE M. HAIRSTIN, Deceased, Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and CITY OF NEW YORK, Defendant. [657 NYS2d 919] —In an action to recover damages for wrongful death, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Queens County (Price, J.), dated March 6, 1996, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant New York City Housing Authority, and the action against the remaining defendant is severed.

On February 17, 1994, the plaintiff's decedent, George M. Hairston, Jr., was shot and killed during a gun battle at 441 Beach 51st Street, located in the defendant New York City Housing Authority's Edgemere Housing Project. The decedent was exiting the building with an acquaintance, Timothy Capers, when gunfire erupted. Capers managed to escape up the building's stairway and was only slightly injured. The decedent ran back towards Capers' apartment, where he was gunned down in front of the door. The shooting apparently was in retaliation for a shooting the prior day involving Capers. The decedent's parents commenced this action seeking damages for the pecuniary loss they allegedly suffered as a result of their son's death.

Under the circumstances of this case, the New York City Housing Authority had no reasonable opportunity or ability to control the conduct of the perpetrators (see, Daly v City of New York, 227 AD2d 432; McPherson v New York City Hous. Auth., 228 AD2d 654). Accordingly, the New York City Housing Authority is entitled to summary judgment dismissing the complaint insofar as asserted against it. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.