■ JEANNE R. TORRE, Appellant, v PAUL A. BURKE CONSTRUCTION, INC., Doing Business as NIAGARA TOWERS COMPANY, Respondent. [661 NYS2d 145] —Order unanimously affirmed without costs. Memorandum: Plaintiff, a tenant in an apartment building owned and operated by defendant, commenced this action to recover for personal injuries sustained when another tenant, John Wadell, a double amputee who has artificial

legs and walks with the assistance of canes, lost his balance and fell on plaintiff. Plaintiff alleges that defendant breached its duty to protect her from such hazard because defendant had actual or constructive knowledge of Wadell's physical condition.

Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. In opposition to the motion, plaintiff failed to establish that defendant had actual or constructive knowledge that Wadell had previously fallen on others, or of a risk that Wadell would injure another tenant.

In any event, defendant had no duty to control Wadell's conduct for the protection of other tenants. A landowner is required to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury, the seriousness of potential injury, and the burden of avoiding that risk (*see, Miller v State of New York*, 62 NY2d 506, 513; *Basso v Miller*, 40 NY2d 233, 241). In special circumstances, a landowner may have a duty to control the conduct of third parties for the protection of others using or frequenting the property (*see, Di Ponzio v Riordan*, 89 NY2d 578; *Johnson v Slocum Realty Corp.*, 191 AD2d 613, 614-615). However, the duty to control is commensurate with the authority and opportunity to control (*see, Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8, *rearg denied* 72 NY2d 953; *Johnson v Slocum Realty Corp., supra*, at 614-615). Here, it would be excessively burdensome to require defendant to monitor Wadell's conduct, and defendant has no authority to force Wadell to use a wheelchair. Despite plaintiff's assertion that defendant should have evicted Wadell, it is well established that "[a] reasonable opportunity or effective means to control a third person does not arise from the mere power to evict" that person as tenant (*Siino v Reices*, 216 AD2d 552, 553; *see, Blatt v New York City Hous. Auth.*, 123 AD2d 591, 593, *lv denied* 69 NY2d 603). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Balio and Fallon, JJ.