■ VALERIANO JARAMILLO, Respondent-Appellant, v JACKSON ASSOCIATES et al., Appellants-Respondents, and STARRETT PROTECTIVE SERVICES, INC., Respondent. [686 NYS2d 783] —In an action to recover damages for personal injuries, the defendants Jackson Associates and Grenadier Realty Corp. appeal from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated December 12, 1997, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiff cross-appeals from so much of the same order as granted the motion of the defendant Starrett Protective Services, Inc., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying the cross motion of the defendants Jackson Associates and Grenadier Realty Corp., and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the complaint is dismissed in its entirety; and it is further,

Ordered that the appellants-respondents and the defendant-respondent, appearing separately and filing separate briefs, are awarded one bill of costs, payable by the respondent-appellant.

At approximately 10:30 P.M. on July 1, 1994, the plaintiff parked his car in the parking lot of the apartment building in which he lived, and approached the side door to the apartment building, which was always kept locked. Although the plaintiff complained that there was not a great deal of light around the door, he was able to see from a distance that two strange men were near the doorway, one of whom was urinating, while the other was trying to pry the door open. Notwithstanding the knowledge that his landlord employed a 24-hour-a-day security guard, who was usually posted in the main lobby, the plaintiff

did not walk around the building so as to enter by that main entrance. Rather, he stepped past the two strangers and inserted his key into the side door lock. As he did so the two strangers grabbed him, struck him on the head with a bottle, and robbed him of his cash and jewelry.

Under these circumstances, no rational view of the evidence would permit a finding that the plaintiff's injuries were proximately caused by either the landlord's or the security company's failure to provide reasonable security measures on the subject premises (*see, e.g., Layva v Riverbay Corp.,* 206 AD2d 150; *Tarter v Schildkraut,* 151 AD2d 414, 415; *see also, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519; *Allen v New York City Hous. Auth.,* 203 AD2d 313, 314; *Harris v New York City Hous. Auth.,* 187 AD2d 362; *Salvamoser v Pratt Inst.,* 150 AD2d 666). Accordingly, the complaint must be dismissed. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.