■ ALBERT FLOWERS, Appellant, v CITY OF NEW YORK, Respondent. [724 NYS2d 405] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 5, 2000, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The complaint was properly dismissed. While defendant, in the exercise of its proprietary function, may be obligated to furnish a degree of general supervision to deter activities within its parks dangerous to those using its parks legally (see, Rhabb v New York City Hous. Auth., 41 NY2d 200), such duty does not run to those using park premises illegally, and plaintiff, at the time of the incident which gave rise to this action, was illegally upon the premises of the subject park, having remained there long after the park had closed for the night (see, Garcia v City of New York, 205 AD2d 49, lv denied 85 NY2d 810). Moreover, the record provides no reason to suppose that there was any causal relation between any negligence by defendant City in the exercise of its proprietary responsibilities and plaintiff's harm. We perceive no non-speculative basis for plaintiff's contentions that a greater supervisory presence or better lighting would have prevented the sudden armed assault upon him. The casual connection, if any, between the criminal act which befell plaintiff, occurring in an essentially open-air, public area, and any negligence on the part of defendant in its capacity as a proprietor was too attenuated, as a matter of law, to serve as a basis for plaintiff's recovery (see, McPherson v New York City Hous. Auth., 228 AD2d 654; Allen

*v New York City Hous. Auth.*, 203 AD2d 313, 314, *lv denied* 84 NY2d 807). Finally, plaintiff's claim, insofar as premised upon defendant City's failure to provide adequate police protection, is not viable, since the allocation of police resources involves the exercise of a governmental function for which there can be no liability, except where a special duty to the plaintiff has been assumed, and none has been alleged in this case (*see, Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175).

We have considered plaintiff's other arguments and find them unavailing. Concur—Sullivan, P. J., Williams, Mazzarelli, Wallach and Rubin, JJ.