■ TIFFANY SOBERS et al., Appellants, v ROTH BROTHERS PARTNERSHIP COMPANY et al., Respondents. [725 NYS2d 561] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated May 17, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

A landowner has a duty to maintain its property in a reasonably safe condition and to take precautionary measures to protect tenants from the reasonably foreseeable criminal acts of third persons (*see, Miller v State of New York,* 62 NY2d 506; *Siino v Reices,* 216 AD2d 552; *Johnson v Slocum Realty Corp.,* 191 AD2d 613). A landlord is under no duty to safeguard a tenant against an attack by another tenant or his invitee if the landlord did not have the authority to control the assailant (*see, Adelstein v Waterview Towers,* 250 AD2d 790; *Perry v Northwestern Realty Co.,* 236 AD2d 378; *Siino v Reices, supra*). Here, the defendants established that they owed no duty to the plaintiffs since the assailant was an invitee of the resident superintendent (*see, Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718).

Moreover, the plaintiffs' opposition papers failed to raise an issue of fact that even if the assailant could be considered an intruder, the criminal conduct was reasonably predictable based upon prior occurrences of similar criminal activity at the premises (*see, Novikova v Greenbriar Owners Corp.,* 258 AD2d 149; *Ospina v City of New York,* 214 AD2d 551). S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.