■ JANICE THOMAS, Appellant, v FOSTER APARTMENTS GROUP, Respondent, et al., Defendant. [729 NYS2d 641] —In an action, *inter alia*, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated February 28, 2000, which granted the motion of the defendant Foster Apartments Group for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was shot and killed in the courtyard of a residential apartment complex owned and maintained by the defendant Foster Apartments Group (hereinafter Foster). The decedent's assailant was subsequently arrested and convicted of murder. At the time of the shooting, neither the decedent nor his assailant lived at the subject apartment complex.

The plaintiff, as the administrator of the decedent's estate, commenced this action, alleging, *inter alia*, that Foster's negligence in its maintenance of the premises caused the decedent's death. After discovery was completed, Foster moved

for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion. We affirm.

In opposition to the respondent's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to demonstrate that the decedent's assailant was an intruder who gained access to the courtyard as a result of Foster's alleged negligence (*see, Burgos v Aqueduct Realty Corp.,* 92 NY2d 544). Thus, there are no triable issues of fact with respect to the plaintiff's allegation that Foster's conduct constituted a proximate cause of the shooting (*see, Hairston v New York City Hous. Auth.,* 238 AD2d 474; *McPherson v New York City Hous. Auth.,* 228 AD2d 654; *Allen v New York City Hous. Auth.,* 203 AD2d 313). Therefore, the Supreme Court properly granted Foster's motion for summary judgment dismissing the complaint insofar as asserted against it. Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.