■ REGINALD HARRIS, Appellant, v CITY OF NEW YORK, Respondent. [766 NYS2d 383] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 25, 2002, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint, and denied, as academic, his motion to compel the defendant to produce two witnesses for deposition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by a maintenance company and worked as the superintendent of two buildings maintained by the City of New York Department of Housing Preservation and Development. He was also a resident of one of the buildings, which concededly had a history of criminal activity. One evening between 9:30 and 10:00 P.M., the plaintiff was assaulted on the stoop in front of his building. The attack allegedly was perpetrated by a friend of some tenants in retaliation for the plaintiff's role in the arrest of one of those tenants earlier that day. The plaintiff subsequently commenced this action against the City of New York, alleging, inter alia, that it was negligent in failing to provide adequate security and lighting. Following depositions, the plaintiff moved to compel certain additional depositions and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint.

The Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint and denied the plaintiff's motion as academic. The defendant established its entitlement to judgment as a matter of law. The plaintiff's conclusory allegations submitted in opposition to the cross motion were insufficient to raise a triable issue of fact as to whether the defendant's alleged negligence was a proximate cause of the assault (see Rodriguez v New York City Hous. Auth., 87 NY2d 887, 888 [1995]; Hairston v New York City Hous. Auth., 238 AD2d 474, 475 [1997]; McPherson v New York City Hous. Auth., 228 AD2d 654 [1996]; Allen v New York City Hous. Auth., 203 AD2d 313 [1994]). Altman, J.P., H. Miller, Adams and Townes, JJ., concur.