■ HOWARD BLATT, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Pino, J.), dated August 14, 1985, which, *inter alia,* granted the defendants' separate motions for summary judgment and dismissed the complaint.

Order affirmed, without costs or disbursements.

The plaintiff, a resident in housing maintained by the defendant New York City Housing Authority (hereinafter NYCHA), sustained severe injuries as a result of having been shot by one Sheldon Schleier, also a resident at those premises. Schleier, a retired officer of the New York City Police Department, held a valid New York City gun license permitting him to carry a handgun.

The record reveals that an enmity existed between Schleier and the plaintiff, arising from the plaintiff's romantic relationship with Schleier's daughter. On or about September 13, 1981, Schleier allegedly threatened the plaintiff with a gun in front of their apartment building, warning him to "stay away from his daughter" or he would "blow [his] brains out". The plaintiff maintains that he soon after reported this incident, which was the first violent confrontation he had ever had with Schleier, to the individuals present in the NYCHA office located in his building, and was "assured * * * that something would be done to remove Mr. Schleier as a tenant and that [he] would be protected from further threats and harassment from Mr. Schleier".

On October 28, 1981, in the lobby of the building in question, Schleier instigated an argument with the plaintiff, stating, "You got my daughter pregnant. I warned you to stay away from her. Now I'm going to kill you" and thereupon shot the plaintiff.

The theories upon which the claims against the defendant NYCHA were predicated include its failure to "provide adequate safety, security and protection" to the plaintiff, and its failure to remove Schleier from the premises, particularly since it possessed knowledge of Schleier's "vicious propensi-

ties". An additional claim is asserted against the NYCHA for its breach of a special duty to protect the plaintiff. The plaintiff further asserted that the defendant City of New York was negligent in issuing to Schleier a gun permit, in light of its awareness of Schleier's "psychological instability".

Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a material and triable issue of fact *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252). We conclude, however, that Special Term properly granted summary judgment and dismissed the complaint, since the plaintiff failed to establish the existence of a duty owed to him by the defendants.

When a municipality acts in a proprietary capacity as a landlord it is subject to the same principles of tort law as is a private landlord *(see, Miller v State of New York,* 62 NY2d 506, 511; *Bass v City of New York,* 38 AD2d 407, 411, *affd* 32 NY2d 894), which require that it " 'act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " *(Basso v Miller,* 40 NY2d 233, 241, quoting from *Smith v Arbaugh's Rest.,* 469 F2d 97, *cert denied* 412 US 939).

While this standard has resulted in the imposition of a duty upon a landlord to take minimal security precautions to protect tenants or visitors from the reasonably foreseeable criminal activities of third parties on the landowner's premises *(see, Miller v State of New York, supra; Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Loeser v Hale Gardens,* 73 AD2d 187), implicit in these decisions is the recognition that such a duty arises by virtue of the party's ownership and control over property, "for the obvious reason that the person in possession of property ordinarily is in the best position to discover and *control* its dangers" (Prosser and Keeton, Torts § 57, at 386 [5th ed 1984]; emphasis added; *see, Nallan v Helmsley-Spear, Inc., supra,* at p 519).

Under the circumstances of this case, we find that no duty devolved upon the defendant NYCHA to protect the plaintiff from the criminal acts of yet another tenant, since it cannot be said that the landlord had the ability or a reasonable opportunity to control Schleier. This decision is consonant with the notions of fairness expressed in *Pulka v Edelman* (40 NY2d 781, 784-786, *rearg denied* 41 NY2d 901), and the general principle that an unreasonable burden would result

from the imposition of a duty to guard against the wanton acts of a third party over whom a landlord exerts no control (see, *Pulka v Edelman, supra,* at p 784; *Waters v New York City Hous. Auth.,* 116 AD2d 384, 388).

Similarly, we reject as untenable the plaintiff's claim that it was incumbent upon the defendant NYCHA to evict the tenant Schleier and that the failure to fulfill such a duty results in liability. The power to evict cannot be said to have furnished the NYCHA with "a reasonable opportunity or effective means" to prevent or remedy Schleier's unacceptable conduct, since the incident giving rise to the injuries sustained, and indeed, the "pattern" of harassment alleged by the plaintiff, arose from a purely personal dispute between the two individuals (see, *Bennett v Ames,* 77 AD2d 390, 392; *see also, Matter of Gomez v Christian,* 84 AD2d 816; *Matter of Milton v Christian,* 99 AD2d 984).

The plaintiff's claim that the NYCHA affirmatively assumed a special duty to protect him by virtue of an "assur[ance]" made by a NYCHA employee is without merit. It is clear that a municipality cannot be held liable for injuries resulting from a failure to provide adequate police protection unless the injured person establishes a special relationship with the governmental entity, which would create a specific duty to protect that individual, and the individual reasonably relied on the anticipated performance of that duty (*Miller v State of New York,* 62 NY2d 506, 510, *supra; De Long v County of Erie,* 60 NY2d 296). From the facts in this case, it cannot be said that the NYCHA thereby affirmatively assumed a special duty to afford the plaintiff police protection, nor that the plaintiff reasonably interpreted the representation as such.

The plaintiff's allegations against the defendant City of New York are similarly insufficient to make out a cause of action, since the issuance of a license to carry a firearm pursuant to the Penal Law (see, Penal Law § 400.00 [2] [e]) is a governmental act which involves the exercise of discretion by the municipal authorities (see, *Sable v McGuire,* 92 AD2d 805; *Matter of Bernstein v Police Dept.,* 85 AD2d 574) to which governmental immunity attaches (see, *Tango v Tulevech,* 61 NY2d 34; *Southworth v State of New York,* 47 NY2d 874; *Rottkamp v Young,* 21 AD2d 373, *affd* 15 NY2d 831).

The plaintiff's contention that summary judgment should be denied, at least until he has had an opportunity to conclude pretrial discovery, is without merit. Sufficient discovery has already been completed so as to enable the plaintiff to bring forth any facts relevant to his causes of action. The plaintiff's

papers do not supply any reason to believe that additional discovery would produce evidence that would establish any triable issues of fact in this case *(see, La Scala v D'Angelo,* 104 AD2d 930; *Griffin v Cortland Mem. Hosp.,* 85 AD2d 837).

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.