■ QUIRONESTOR FIRPI et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Amman, J.), entered December 26, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff husband and wife are tenants of a Staten Island housing project owned, operated and maintained by the defendant New York City Housing Authority (hereinafter the Authority). The plaintiff husband was injured when he was physically attacked by Victor Johnson, another tenant of the project with whom the plaintiffs allegedly had a history of disputes. The plaintiffs allege that the Authority was aware of this history and that Johnson had had similar disputes with other tenants in the complex. The plaintiffs commenced the instant action alleging, inter alia, that the defendant negligently failed to furnish a reasonably safe and secure residence and that this failure was a proximate cause of their injuries. The Authority's motion for summary judgment was denied.

The plaintiffs claim that the Authority is subject to the same standards of care as any private landlord when it acts in its proprietary capacity (see, Miller v State of New York, 62 NY2d 506). However, the gravamen of the plaintiffs' claim in the case at bar is more accurately characterized as a failure to provide police protection, for which there can be no liability

absent a special relationship between the plaintiffs and the municipality *(see, e.g., Sostre v City of New York Hous. Auth.,* 150 AD2d 766; *Blatt v New York City Hous. Auth.,* 123 AD2d 591). It is uncontroverted that the plaintiffs failed to allege or establish the existence of such a special relationship in the instant case. Thus, there can be no liability on the part of the Authority.

Furthermore, where the basis of liability in a case such as this is that the landlord has allegedly failed to protect a tenant from the aggression of another tenant, it must first be established that the landlord "had the ability or a reasonable opportunity to control [the aggressor]" *(Blatt v New York City Hous. Auth., supra,* at 592). Additionally it must be established that the harm complained of was foreseeable *(see, Gill v New York City Hous. Auth.,* 130 AD2d 256). The plaintiffs have failed to make either requisite showing.

The assault by Johnson perpetrated against Quironestor Firpi occurred on August 11, 1984. Johnson was allegedly the subject of two other complaints by other tenants in 1981 and 1983; however, it was not until June 1, 1984, that the plaintiffs notified the Authority of two incidents during which Johnson threatened and assaulted Mr. Firpi. The plaintiffs requested a transfer to a different unit and police intervention was also sought at this time. On June 25, 1984, the plaintiffs reported that their problems with Johnson had not abated, and on August 11, 1984, Johnson perpetrated the instant assault. While Johnson may have had a history as a harassing troublemaker, there is no evidence in the record that the Authority had notice of any foreseeable threat that Johnson would attack Mr. Firpi with a knife in the lobby of their building. There is nothing in the record to establish that the Authority was negligent in its handling of this matter.

Moreover, the record indicates that the Authority was not in a position to control Johnson's behavior. It was not until June 1984 that the Firpis first notified the Authority of Johnson's past acts of aggression. At that time they sought a transfer to another building. At no time prior to the assault in August 1984 did the plaintiffs ask the Authority to evict Johnson as an undesirable tenant. Even assuming that such a request had been made, the Authority rules governing eviction of alleged undesirables would not have provided for the removal of this tenant within two months nor would eviction have been proper in a personal dispute between tenants *(Blatt v New York City Hous. Auth.,* 123 AD2d 591, *supra),* and, thus,

even had the plaintiffs sought this relief, the Authority could not be found in breach of a duty it could not reasonably fulfill.

In short, the Authority had no reason to know that there was a likelihood of criminal conduct which would endanger the safety of the plaintiffs *(see, Gill v New York City Hous. Auth.,* 130 AD2d 256, *supra; Blatt v New York City Hous. Auth., supra; Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761; *cf., Tarter v Schildkraut,* 151 AD2d 414),* and the harm complained of was not foreseeable. Moreover, as the instant controversy was one for the police, and not for the Authority *(see, Marilyn S. v City of New York,* 134 AD2d 583, *affd* 73 NY2d 910), the Authority has established its entitlement to judgment as a matter of law.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Miller and O'Brien, JJ., concur.