■ MAURICE ADELSTEIN, Individually and as Administrator of the Estate of SUSAN ADELSTEIN, Deceased, Respondent, v WATERVIEW TOWERS, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [673 NYS2d 465] —In an action, *inter alia,* to recover damages for wrongful death, the defendants Waterview Towers, Inc., Karl Steckler, Edward Henry, Marty Markman, and Muriel Elias appeal from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), entered November 5, 1997, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them without prejudice to renewal after the completion of examinations before trial.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellants.

The plaintiff's decedent resided in a cooperative apartment building owned by the defendant Waterview Towers, Inc. She was murdered by another resident of the building while in that

resident's apartment. The plaintiff then commenced this action against, *inter alia,* Waterview Towers, Inc., and members of the building's Admissions Committee. The Supreme Court denied the motion made by those defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

The court erred in denying the appellants' motion. The common law does not ordinarily impose a duty to prevent third parties from injuring others unless the defendant has the authority to control the conduct of such third parties. Here, the appellants had no duty to protect the decedent from the criminal acts of another resident of the building as they had no ability or authority to control his actions *(see, Johnson v Slocum Realty Corp.,* 191 AD2d 613; *Blatt v New York City Hous. Auth.,* 123 AD2d 591). Further, the conduct of the perpetrator was not foreseeable *(see, Firpi v New York City Hous. Auth.,* 175 AD2d 858; *Gill v New York City Hous. Auth.,* 130 AD2d 256).

There is no merit to the plaintiff's contention that additional discovery is warranted. The mere hope that further evidence will be uncovered to prove a case is not a basis for denying a motion for summary judgment *(see, Kennerly v Campbell Chain Co.,* 133 AD2d 669). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.