■ Dellie Britt et al., Appellants, v New York City Housing Authority, Respondent, et al., Defendant. (And a Third-Party Action.) [770 NYS2d 744]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated November 22, 2002, which granted the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

A landlord has no duty to prevent one tenant from attacking another tenant unless it has the authority, ability, and opportunity to control the actions of the assailant (*see Adelstein v Waterview Towers,* 250 AD2d 790, 791 [1998]; *Siino v Reices,* 216 AD2d 552, 553 [1995]; *Johnson v Slocum Realty Corp.,* 191 AD2d 613, 614-615 [1993]; *Blatt v New York City Hous. Auth.,* 123 AD2d 591, 592 [1986]). Here, the landlord's power to evict the assailant did not furnish it "with a reasonable opportunity or effective means to prevent or remedy [the assailant's] unacceptable conduct, since the incident giving rise to the injuries sustained, and indeed, the pattern of harassment alleged by the plaintiff, arose from a purely personal dispute between the two individuals" (*Blatt v New York City Hous. Auth., supra* at 593 [citations omitted; internal quotation marks omitted]; *see also*

*Firpi v New York City Hous. Auth.,* 175 AD2d 858, 859 [1991]). Moreover, under the circumstances presented, the assault upon the injured plaintiff was not foreseeable (*see Firpi v New York City Hous. Auth., supra* at 859; *see also Adelstein v Waterview Towers, supra* at 791; *Hughes v City of New York,* 238 AD2d 477 [1997]; *Perry v Northwestern Realty Co.,* 236 AD2d 378 [1997]). Accordingly, the landlord's motion for summary judgment dismissing the complaint insofar as asserted against it was properly granted.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.