■ FLORIN C. PAPA, Also Known as FLORIN C. POPESCU, Appellant, v SAFA PAPA et al., Respondents, et al., Defendants. [777 NYS2d 147]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), dated July 20, 2000, as granted the cross motion of the defendant Federal National Mortgage Association for summary judgment dismissing the first cause action insofar as asserted against it.

Ordered that the appeal is dismissed as academic, with costs.

In May 2000, the defendant Federal National Mortgage Association (hereinafter Fannie Mae) cross-moved to dismiss the plaintiff's first cause of action, which sought foreclosure of a junior mortgage on the subject premises, insofar as asserted

against it. While the cross motion was pending, the plaintiff entered into a stipulation discontinuing the action against Fannie Mae, which was so-ordered by the Supreme Court. Although the discontinuance rendered Fannie Mae's cross motion to dismiss the first cause of action academic (*see NYCTL 1998-2 Trust v Equitable Funding Corp.*, 301 AD2d 506 [2003]; *Matter of Las Redevelopment Co. v Frasier*, 300 AD2d 767 [2002]; *Angelucci v Sands*, 297 AD2d 764 [2002]), the Supreme Court granted the cross motion on the merits. The plaintiff thereafter discontinued or settled his claims against the remaining defendants, thus effectively terminating the litigation. Under these circumstances, the order dismissing the plaintiff's first cause of action insofar as asserted against Fannie Mae on the merits will not affect the rights of the parties. Thus, we dismiss the appeal as academic (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *NYCTL 1998-2 Trust v Equitable Funding Corp., supra; Angelucci v Sands, supra*). Krausman, J.P., Goldstein, Adams and Cozier, JJ., concur.