■ DAWN JACKSON-OTT, Individually and as Parent and Natural Guardian of B.O., an Infant, Respondent, v HERBERT MACK, Appellant. [817 NYS2d 473]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 16, 2005 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for injuries she and her daughter sustained when they were assaulted by a fellow tenant in the apartment building owned by defendant in which they resided. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. According to plaintiff, the injuries sustained by plaintiff and her daughter resulted from the breach of defendant's " 'common-law duty to take minimal precautions to protect tenants from foreseeable harm' " (*Radlin v Brenner*, 283 AD2d 948, 948 [2001], quoting *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993], *rearg denied* 82 NY2d 749 [1993]).

It is well established that "[l]andlords have a 'common-law

duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]). "[P]rior criminal activity may establish the element of foreseeability" (*Venetal v City of New York*, 21 AD3d 1087, 1088 [2005]), and the issue concerning "[w]hat safety precautions may reasonably be required of a [landlord] is almost always [one] of fact for the jury" (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520 n 8 [1980]). Here, plaintiff alleged that defendant knew that the tenant at issue had assaulted his live-in girlfriend while residing in defendant's building and, in addition, defendant knew that the tenant had burglarized plaintiff's apartment. Plaintiff testified at her deposition that defendant was afraid of the tenant at issue and therefore kept a gun in his apartment for his own protection. Plaintiff further testified that, on the day of the assault, the tenant at issue asked her to discuss the issue of the burglary with defendant and defendant's wife and that, when she and the tenant knocked on defendant's door for that purpose, defendant's wife denied them access. At that point, the tenant attacked plaintiff and her daughter with a hammer. We thus conclude on the record before us that summary judgment is inappropriate in view of the issues of fact concerning "[w]hat safety precautions [were reasonably] required of [defendant]" for the protection of his other tenants and whether he took such precautions (*id.*). Present—Scudder, J.P., Gorski, Martoche, Green and Hayes, JJ.