◼ AWILDA CORTEZ, as Administratrix of the Estate of JUAN CORTEZ, Deceased, Appellant, v DELMAR REALTY Co., INC., et al., Respondents. [869 NYS2d 437]—

Plaintiff's decedent, a tenant in defendants' building, was assaulted by an illegal subtenant of the building who was suspected of dealing drugs and ultimately evicted for nonpayment of rent. Dismissal of the complaint alleging that defendants' failure to provide proper security in the building proximately caused the decedent's injuries was proper since "a landlord is under no duty to safeguard a tenant against attack by another tenant 'since it cannot be said that the landlord had the ability or a reasonable opportunity to control [the assailant]' " (*Wright v New York City Hous. Auth.*, 208 AD2d 327, 331 [1995], quoting *Blatt v New York City Hous. Auth.*, 123 AD2d 591, 592 [1986], *lv denied* 69 NY2d 603 [1987]; *see Britt v New York City Hous. Auth.*, 3 AD3d 514 [2004], *lv denied* 2 NY3d 705 [2004]).

The court also properly denied the cross motion to amend the complaint to add a claim alleging that defendants knowingly permitted drug activity on the premises in violation of Real Property Law § 231 (2). The proposed claim is not viable in light of the lack of evidence that defendants were on notice of

repeated criminal activity on the premises, or that the decedent's injuries were a foreseeable result of defendants' inaction in failing to remove the alleged drug dealers from the building (*see Maria S. v Willow Enters.*, 234 AD2d 177, 178-179 [1996]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Nardelli, Sweeny, DeGrasse and Freedman, JJ.