■ LINDA MILLS, Appellant, v ROBERT GARDNER, Defendant, and TOMPKINS TERRACE, INC., Respondent. [965 NYS2d 580]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Dutchess County (DiBella, J.), dated May 24, 2012, as granted the motion of the defendant Tompkins Terrace, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a tenant in an apartment building owned by the defendant Tompkins Terrace, Inc. (hereinafter Tompkins), was allegedly assaulted by the defendant Robert Gardner, another tenant, during the course of an attack that began in a common area of the building. The plaintiff subsequently commenced this action to recover damages for personal injuries against Tompkins and Gardner. The Supreme Court granted Tompkins's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and the plaintiff appeals.

In reviewing a motion to dismiss pursuant to CPLR 3211 (a) (7), "the court will accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 484 [2009] [internal quotation marks omitted]). "In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]). "A landlord has no duty to prevent one tenant from attacking another tenant unless it has the authority, ability, and opportunity to control the actions of the assailant" (*Britt v New York City Hous. Auth.*, 3 AD3d 514, 514 [2004]; *see Adelstein v Waterview Towers*, 250 AD2d 790, 791 [1998]; *Siino v Reices*, 216 AD2d 552, 553 [1995]). Here, the complaint simply alleged that Tompkins was negligent in allowing the attack to occur, without alleging any facts indicating that Tompkins had the authority, ability, and opportunity to control Gardner's actions necessary to give rise to a duty to prevent the attack. Moreover, the evidence submitted by the plaintiff in opposition to the motion failed to remedy this defect.

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted Tompkins's motion to dismiss the complaint insofar as asserted against it. Eng, P.J., Dickerson, Hall and Lott, JJ., concur.