Virella v 245 N. St. Hous. Dev. Fund Corp. (2020 NY Slip Op 06605)





Virella v 245 N. St. Hous. Dev. Fund Corp.


2020 NY Slip Op 06605


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


630 CA 19-01066

[*1]ANTONIO JOSE VIRELLA, PLAINTIFF-APPELLANT,
v
245 NORTH STREET HOUSING DEVELOPMENT FUND CORP., 245 NORTH STREET, LLC, E. SQUARE CAPITAL, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (BETHANY A. RUBIN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KEVIN J. KRUPPA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered May 17, 2019. The order granted the motion of defendants 245 North Street Housing Development Fund Corp., 245 North Street, LLC, and E. Square Capital, Inc., for summary judgment and dismissed the complaint against those defendants. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a tenant in a building owned by defendants 245 North Street Housing Development Fund Corp. and 245 North Street, LLC, and managed by defendant E. Square Capital, Inc. (collectively, defendants), commenced this action seeking damages for personal injuries that he allegedly sustained when he was assaulted by another tenant. The complaint, insofar as relevant here, alleged that defendants were negligent in failing to "keep the premises free from known dangerous conditions, namely the intoxicated and violent" cotenant. Plaintiff appeals from an order granting the motion of defendants for summary judgment dismissing the complaint against them. We affirm.
With respect to the cause of action against defendants, it is well settled that "[l]andlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998], quoting Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993], rearg denied 82 NY2d 749 [1993]). Nevertheless, "the necessary causal link between a landlord's culpable failure to provide adequate security and a tenant's injuries resulting from a criminal attack in the building can be established only if the assailant gained access to the premises through a negligently maintained entrance. Since even a fully secured entrance would not keep out another tenant . . . , plaintiff can recover only if the assailant was an intruder. Without such a requirement, landlords would be exposed to liability for virtually all criminal activity in their buildings" (Burgos, 92 NY2d at 550-551; see Williams v Utica Coll. of Syracuse Univ., 453 F3d 112, 120-121 [2d Cir 2006]; Aminova v New York City Hous. Auth., 168 AD3d 651, 652 [2d Dept 2019]). Consequently, a "landlord has no duty to prevent one tenant from attacking another tenant unless it has the authority, ability, and opportunity to control the actions of the assailant" (Britt v New York City Hous. Auth., 3 AD3d 514, 514 [2d Dept 2004], lv denied 2 NY3d 705 [2004]; see Mills v Gardner, 106 AD3d 885, 886 [2d Dept 2013]; see also Cortez v Delmar Realty Co., Inc., 57 AD3d 313, 313 [1st Dept 2008], lv dismissed in part and denied in part 12 NY3d 774 [2009]), and "[a] reasonable opportunity or effective means to control a third person does not arise from the mere power to evict" (Siino v Reices, 216 AD2d 552, 553 [2d Dept 1995]; see Britt, 3 AD3d at 514). Thus, in general, landowners "ha[ve] no duty to control [*2][their tenants'] conduct for the protection of other tenants" (Torre v Burke Constr., 238 AD2d 941, 942 [4th Dept 1997]; see Sobers v Roth Bros. Partnership Co., 284 AD2d 324, 324 [2d Dept 2001]). To the extent that our decision in Jackson-Ott v Mack (30 AD3d 1025, 1025-1026 [4th Dept 2006]) may be read to support the position that a landlord has a duty to control the behavior of its tenants outside those "special circumstances in which there is sufficient authority and ability to control the conduct of" those tenants (Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8 [1988], rearg denied 72 NY2d 953 [1988]), it should no longer be followed.
Here, Supreme Court properly granted the motion inasmuch as defendants established that they had no ability or opportunity to control the cotenant who allegedly attacked plaintiff, and plaintiff failed to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Additionally, a landlord is not liable for the conduct of a tenant unless "the harm complained of was foreseeable" (Firpi v New York City Housing Auth., 175 AD2d 858, 859 [2d Dept 1991], lv denied 78 NY2d 864 [1991]; see Britt, 3 AD3d at 515), and we conclude that "defendants established on their motion for summary judgment that the conduct of the tenant-assailant in their building was not reasonably foreseeable" (Perry v Northwestern Realty Co., 236 AD2d 378, 378 [2d Dept 1997]; see Britt, 3 AD3d at 515). Contrary to plaintiff's contention, the "[e]vidence tending to show [defendants'] awareness of possible harassment of [another tenant] by the [co]tenant did not tend to show [their] awareness of the [co]tenant's alleged violent propensities and there was otherwise no showing that the assault was foreseeable" (Bonano v XYZ Corp., 261 AD2d 280, 280-281 [1st Dept 1999]; see also Cortez, 57 AD3d at 313-314; see generally Belinkie v Zucker, 255 AD2d 219, 219-220 [1st Dept 1998], lv denied 93 NY2d 802 [1999]).
With respect to the allegations in the complaint that the cotenant was intoxicated, the Court of Appeals has stated that, although "a landowner may have responsibility for injuries caused by an intoxicated guest[,] . . . that liability may be imposed only for injuries that occurred[, insofar as relevant here], where [the] defendant had the opportunity to supervise the intoxicated guest . . . That duty emanated not from the provision of alcohol but from the obligation of a landowner to keep its premises free of known dangerous conditions, which may include intoxicated guests" (D'Amico v Christie, 71 NY2d 76, 85 [1987]; see Parslow v Leake, 117 AD3d 55, 65 [4th Dept 2014]). Here, the court properly granted the motion of defendants inasmuch as they "met [their] prima facie burden by demonstrating that [they] did not have the opportunity or the ability to control the conduct of [the intoxicated cotenant, and] plaintiff[] failed to raise a triable issue of fact" (Daly v Finley, 101 AD3d 931, 932 [2d Dept 2012]; see McGlynn v St. Andrew Apostle Church, 304 AD2d 372, 372-373 [1st Dept 2003], lv denied 100 NY2d 508 [2003]; see generally Cavanaugh v Knights of Columbus Council 4360, 142 AD2d 202, 204-205 [3d Dept 1988], lv denied 74 NY2d 604 [1989]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court