| Incorvaia v Incorvaia |
|---|
| 2024 NY Slip Op 32662(U) |
| July 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651716/2024 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. GERALD LEBOVITS</u>

                                                *Justice*

PART     07

-------------------------------------------------------------------------------X

PETER JOSEPH INCORVAIA and NICOLE SIMOVA,

                                    Plaintiffs,

                    - v -

PETER INCORVAIA, TONI ANN INCORVAIA, and
GEORGIA PROPERTIES INC.,

                                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651716/2024 |
| MOTION DATE | 05/30/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16

were read on this motion to/for                     DISMISSAL                     .

*Kucker Marino Winiarsky & Bittens*, New York, NY (Brian A. Campbell of counsel), for plaintiffs.
*Horing Welikson Rosen & Digrugilliers, P.C.*, Williston Park, NY (Brian W. Shaw of counsel), for defendant Georgia Properties Inc.

Gerald Lebovits, J.:

In this landlord-tenant dispute, defendant-landlord Georgia Properties Inc. moves under CPLR 3211 (a) (1) and/or 3211 (a) (7) to dismiss plaintiffs' claims against it. The motion is granted.

## BACKGROUND

Plaintiffs, Peter Joseph Incorvaia (Incorvaia Jr.—Incorvaia Sr.'s son) and Nicole Simova, sue defendants Peter Incorvaia (Incorvaia Sr.), Toni Ann Incorvaia (Incorvaia Jr.'s sister), and Georgia Properties. Incorvaia Jr. and Incorvaia Sr. are cotenants of a rent-stabilized, three-bedroom apartment at 275 Central Park West in Manhattan.

Previously, Incorvaia Sr. sued Incorvaia Jr. in *Peter Incorvaia v Peter Joseph Incorvaia* (Sup Ct, NY County, Index No. 150349/2018, d'Auguste, J.) demanding half the rent. Incorvaia Jr. countersued, alleging unpaid loans and unauthorized surveillance targeting his bedroom, leading to mutual accusations of harassment and abuse. The court denied Incorvaia Sr.'s motions for summary judgment and injunctive relief. (*See* Index No. 150349/2018, NYSCEF Nos. 55, 79.) That action is pending.

[* 1]

In a second action, Georgia Properties initiated a nonpayment eviction proceeding in August 2022 against both Incorvaias. (*See Georgia Properties Inc. v Peter Incorvaia* [Civ Ct, NY County, 2022, Index No. LT-313230-22, Chinea, J.].) By January 2024, the rental arrears had increased to $50,942.54. The Incorvaias settled the proceeding by a stipulation with Georgia Properties, agreeing to pay the owed amount. (*See* NYSCEF No.12.) The proceeding was discontinued after full payment was made; but the Incorvaias later defaulted on rent again. In May 2024, Georgia Properties commenced another nonpayment eviction proceeding. (*See Georgia Properties Inc. v Peter Incorvaia* [Civ Ct, NY County, Index No. LT-308606-24/NY, Ortiz, J.].)

In the current action, plaintiffs allege seven causes of action against the three defendants, centered on Incorvaia Sr.'s behavior. These allegations include that Incorvaia Sr. forced them into the smallest room, stored personal items in the third bedroom, intentionally underpaid rent, used unauthorized surveillance, changed the mailbox key, and falsely accused Simova of assault. Incorvaia Sr.'s alleged false accusation against Simova led to her arrest on February 5, 2024, and the issuance of a temporary Criminal Court order of protection that prohibited her from entering the apartment. (*See* NYSCEF No. 1.)

This motion, brought only by Georgia Properties, addresses the two claims brought against it—plaintiffs' second and seventh causes of action. In the second cause of action, plaintiffs argue that Georgia Properties breached the implied covenant of quiet enjoyment by failing to manage Incorvaia Sr.'s disruptive behavior. They assert a constructive-eviction theory, claiming that the order of protection against Simova substantially and materially impaired their use and enjoyment of the apartment. (*See* NYSCEF No. 1 at ¶¶ 56-61.) In the seventh cause of action, plaintiffs seek an injunction to halt eviction proceedings until the alleged breach is cured. (*Id.* at ¶¶ 92-94.) Georgia Properties' motion to dismiss is granted.

DISCUSSION

### I. Whether a Landlord Owes a Duty to Protect One Cotenant from Another Cotenant's Conduct

The issue here is whether landlord Georgia Properties has a duty to control Incorvaia Sr.'s allegedly tortious conduct, given the prior action and the nonpayment proceedings.

Georgia Properties argues that as a landlord, it has no duty to safeguard a tenant from another tenant's conduct; and that a landlord's power to evict a tenant does not give a landlord a reasonable opportunity or effective means to prevent unacceptable conduct when the alleged tortious conduct arose from personal disputes with third parties. (*See* NYSCEF No. 5 at ¶¶ 19-20.)

Georgia Properties cites cases in which New York courts have consistently held that landlords have no duty to protect one tenant from another tenant, even when the other tenant's conduct is criminal. (*See Britt v New York City Hous. Auth.*, 3 AD3d 514, 514 [2d Dept 2004] [holding that "a landlord has no duty to prevent one tenant from attacking another tenant unless it has the authority, ability, and opportunity to control the action of the assailant"]; *Blatt v New*

2

*York City Hous. Auth.*, 123 AD2d 591, 592 [2d Dept 1986] [holding that New York City Housing Authority (NYCHA) owes no duty to tenants to guard against the "wanton acts of a third party over whom a landlord exerts no control"]; *Gill v New York City Hous. Auth.*, 130 AD2d 256, 263 [1st Dept 1987] [holding NYCHA not liable for a tenant's mental infirmity that led to stabbing the plaintiff].)

In opposition, plaintiffs argue broadly that landlords owe a duty to tenants to take effective steps to "abate detrimental conduct created by other tenants." (NYSCEF No. 14 at ¶ 11.) Plaintiffs relies on *Matter of Nostrand Gardens Co-op v Howard* (221 AD2d 637 [2d Dept 1992]), in which the Court held that failure to abate excessive noise from a neighboring apartment in the early morning and late at night constituted a breach of the warranty of habitability and granted tenant a 50% rent abatement. There, the Court found landlord liable for failing to control noise as a nuisance when there was ample notice and tenants produced sufficient evidence for the court to calculate damages in terms of "nature, scope, duration, and effectiveness of measures taken by the landlord." (*Id*. at 638.)

This court agrees with Georgia Properties. In *Gill*, the Appellate Division held that a landlord must take reasonable security measure to protect tenants from intentional criminal acts in common areas if recurrent criminal activities are known and foreseeable. (*See* 130 AD2d at 262.) But the Court drew a line between requiring basic steps to preserve the security of the building and requiring a landlord to "afford protection . . . against the possible adverse consequences" of the mental illness of a tenant. (*Id*. at 263.) The Court cautioned that holding landlords responsible for tenants' unforeseeable conduct would drastically disrupt the landlord-tenant relationship, imposing undue nonproprietary function on landlords and subjecting tenants to an unreasonable degree of scrutiny into their private affairs. (*Id*. at 267.)

Georgia Properties is also correct in its reply, pointing out that the facts in *Nostrand* are distinguishable from this case. (*See* NYSCEF No. 16 at ¶ 4.) In *Nostrand*, the landlord had both opportunity and means to control excessive noise under Rent Stabilization Code § 2524.3 (b) or RPAPL 711 (a), and its failure to act constituted a breach of the implied warranty of habitability. (*See Nostrand*, 221 AD2d at 638.) Here, plaintiffs' breach-of-quiet-enjoyment claim against Georgia Properties is based on its inadequate action against Incorvaia Sr.'s alleged tortious conduct. Unlike the landlord in *Nostrand*, Georgia Properties has no legal recourse to evict only Incorvaia Sr., assuming that all of plaintiffs' allegations are true.

Georgia Properties owes no duty to plaintiffs to safeguard them from their cotenant in an ongoing family dispute that gives rise to unforeseeable conduct. Georgia Properties did not act improperly by failing to control Incorvaia Sr.'s alleged tortious conduct.

## II.      Whether Incorvaia Sr.'s Conduct Constitutes a Nuisance

As a threshold matter, plaintiffs in their third cause of action allege that Incorvaia Sr. engaged in conduct constituting a private nuisance. (See NYSCEF Doc. 1 at ¶¶ 64-66.) The Court of Appeals in *Domen Holding Co. v Aranovich* held, under Rent Stabilization Code § 2524.3 (b), that nuisance is "a continuous invasion of rights—'a pattern of continuity or recurrence of objectionable conduct.'" (1 NY3d 117, 124 [2003], quoting *Frank v Park Summit Realty Corp.*, 175 AD2d 33, 34 [1st Dept 1991].) Georgia Properties acknowledges that as a

[* 3]

landlord it has a duty to control nuisance, such as recurring and excessive noise. But it points out plaintiffs' allegations against Incorvaia Sr., even if all true, have not given rise to an objectionable threshold that allows Georgia Properties to evict him.

Plaintiffs allege private nuisance because Incorvaia Sr. allegedly forced them into the smallest bedroom, stored personal items in the third bedroom, intentionally underpaid rent, changed mailbox locks, and continued harassment against Simova. Assuming these allegations to be true, Georgia Properties still may not evict Incorvaia Sr. under Rent Stabilization Code § 2524.3 (b). In *Frank*, the Court found the tenant-uncle "permitted and condoned the nuisance" and "encourage[d] the nuisance to continue unabated" by allowing his schizophrenic nephew to live with him when the nephew repeatedly lapsed in taking his medication and imposed safety and sanitary threat to other tenants in the building. (*See Frank*, 175 AD2d at 36.) Unlike *Frank*, Incorvaia Jr. and Simova have not alleged any other complaints from other tenants in the building that Incorvaia Sr. has become a threat to the safety and comfort of tenancy in the building. (*See id*.)

Plaintiffs' allegations against Incorvaia Sr. do not meet the threshold of nuisance. No authority supports holding landlord liable for the acts of one cotenant against another in an intrafamily dispute.

## III.    Whether Nicole Simova was Ousted

Georgia Properties argues that because Simova was a "mere occupant," the protection order Incorvaia Sr. obtained against her cannot be used to claim constructive eviction when leaseholder Jr. still resides in the apartment. (NYSCEF No. 6 at ¶ 25) Plaintiffs do not dispute that Jr. resides in the apartment, but restate that Georgia Properties' failure to control Sr.'s conduct breached the covenant of quiet enjoyment implied in every lease.

Plaintiffs claim that Simova has been effectively ousted, given that the protection order prohibited her from entering the premises. (*See* NYSCEF No. 1 at ¶ 11.) Plaintiffs argue that Georgia Properties is on notice of Sr.'s alleged tortious behavior from previous actions and should have stopped him. from successfully obtaining a protection order.

This court disagrees with both sides' arguments. Simova is a statutory tenant. She is the lawful spouse of leaseholder Incorvaia Jr., and she resided at the apartment until the protection order. (*See Braschi v Stahl Assoc. Co.*, 74 NY2d 201, 207 [1989], *see also* RPL § 235-f ("'[O]ccupant' means a person other than a tenant's immediate family.") Although there is a landlord-tenant relationship between Simova and Georgia Properties, the latter has no duty or effective means to safeguard a cotenant from being ousted by another cotenant. (*See Billips v Billips*, 189 Misc 2d 144, 144 [Civ Ct, NY County, 2001] [holding that it for Family Court to resolve a family dispute in which a wife ousts her husband from their marital home based on a protection order].)

As in *Billips*, the protection order that Incorvaia Sr. obtained against Simova effectively ousted her, but Georgia Properties has no duty or legal means to prohibit cotenants from seeking such an order against other cotenants.

4

IV. **Whether Plaintiffs Are Entitled to an Injunction Barring Georgia Properties from Terminating Their Tenancy**

Plaintiffs' seventh cause of action seeks a preliminary and permanent injunction to bar Georgia Properties from its attempt to evict them until the alleged breach of covenant of quiet enjoyment is cured. They argue that absent an injunction, they will suffer the irreparable harm of losing their lease interests in the rent-stabilized apartment, and that they have no remedy at law. (*See* NYSCEF No. 1 at ¶¶ 92-94.) Georgia Properties moves to dismiss this claim in its entirety, arguing that plaintiffs have not demonstrated entitlement to this equitable relief. (*See* NYSCEF No. 6 at ¶¶ 28-31.) This court agrees with Georgia Properties.

A party seeking injunctive relief must demonstrate "a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor." (*Nobu Next Door, LLC v Fine Arts Hous*, *Inc*., 4 NY3d 839, 840 [2005]; *accord* CPLR 6301.) The decision whether to grant a preliminary injunction is committed ultimately to the court's sound discretion. (See *Doe v Axelrod*, 73 NY2d 748, 750 [1988].) In *Racalde v Bae Cleaners, Inc*., the court granted tenant's request for a preliminary injunctive relief stopping landlord from evicting them based on their unauthorized-immigrant status, based on the court's conclusion that plaintiffs were likely to succeed on the merit of their claim that the landlord had violated the Rent Stabilization Law and the New York City Human Rights Law. (*See* 20 Misc 3d 827, 831 [Sup Ct, NY County 2008, Madden, J.].)

Unlike *Racalde*, plaintiffs in this action are unlikely to succeed on their breach-of-quiet-enjoyment claim against Georgia Properties under the Rent Stabilization Code § 2524.3 (b) or RPAPL 711 (2). It is also settled that "[t]he danger of judicial proceedings is not an injury justifying an injunction." (*Wolfe v Burke*, 56 NY 115, 115 [1874] [holding that a trademark-infringement lawsuit cannot be claimed as injury as ground for injunctive relief].) Plaintiffs claim they will suffer irreparable injury because Georgia Properties will commence eviction proceedings. As in *Wolfe*, the nonpayment proceedings cannot be treated as ground for injury. (*See Wolfe*, 56 NY at 115.) Under RPAPL 711 (2), landlords can seek possession of the premises on proper notice in the event of nonpayment.

Equity does not favor plaintiffs. Georgia Properties has not abridged plaintiffs' quiet enjoyment of their apartment by not halting alleged tortious conduct by Incorvaia Sr. that falls short of nuisance. And the nonpayment proceeding Georgia Properties initiated may not be used as grounds for irreparable injury.[1]

---

[1] In reaching this conclusion, the court does not rely on Georgia Properties' argument under CPLR 3211 (a) (1) that plaintiffs' claims are barred by the prior stipulation between Incorvaia Jr. and Incorvaia Sr. (*See* NYSCEF No. 6 at ¶¶ 9-10.) The stipulation does not conclusively refute plaintiffs' claims: Among other things, it does not shed light on important questions in the action—such as whether Georgia Properties owes plaintiffs a duty to safeguard their home or whether Incorvaia Sr.'s behavior constitutes a nuisance. As discussed above, the court concludes instead that the challenged claims by plaintiffs should be dismissed instead under CPLR 3211 (a) (7), because Georgia Properties does not owe plaintiffs the claimed duty and Incorvaia Sr.'s behavior is not a nuisance.

5

[* 5]

Accordingly, it is

ORDERED that Georgia Properties' motion to dismiss plaintiffs' claims asserted against them (plaintiffs' second and seventh causes of action) is granted, and plaintiffs' complaint is dismissed as against Georgia Properties, with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the balance of the claims in the action are severed and shall continue; and it is further

ORDERED that Georgia Properties serve a copy of this order with notice of its entry on all parties and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.

**HON. GERALD LEBOVITS**
**J.S.C.**

__7/31/2024__
**DATE**

| | | | | |
|---|---|---|---|---|
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

6

[* 6]