| Cohen v Rosenberg |
|:--:|
| 2026 NY Slip Op 30798(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159685/2024 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. MATTHEW V. GRIECO**              PART                    **30M**

*Justice*

----------------------------------------------------------------------X

DAN COHEN,                                          INDEX NO.          159685/2024

                                                    MOTION DATE        12/31/2025
                            Plaintiff,
                                                    MOTION SEQ. NO.        001
                - v -

COREY ROSENBERG, GG1 LLC                            **DECISION + ORDER ON**
                                                    **MOTION**
                            Defendant.

----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for                    JUDGMENT - DEFAULT                    .

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's motion for a default judgment is denied.

Plaintiff, Dan Cohen, commenced this action on October 17, 2024, alleging that defendant Corey Rosenberg, another tenant in the building where he lived, assaulted him on August 11, 2024 by punching him numerous times in the face and body, and that defendant GG1 LLC, the owner and operator of the building, negligently failed to protect him (NYSCEF Doc. No. 1 [Summons and Complaint]).

On December 18, 2024, defendant Rosenberg filed an answer with counterclaims for trespass, private nuisance, and intentional infliction of emotional distress (NYSCEF Doc No. 6). Plaintiff replied to the counterclaims (NYSCEF Doc. No. 7).

To date, defendant GG1 LLC has neither answered nor appeared.

On December 31, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 against defendant GG1 LLC (NYSCEF Doc. Nos. 13-14).

[* 1]

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

Here, plaintiff has established service on GG1 LLC, by submitting an affidavit of service through the Secretary of State under Business Corporation Law § 306(b) (NYSCEF Doc. No. 3, 18), and an affidavit of the additional service by mail required by CPLR 3215(g)(4) (NYSCEF Doc. No. 12, 19) (*see Sterk-Kirch v Uptown Communications & Elec., Inc.*, 124 AD3d 413 [1st Dept 2015]).

As to the facts constituting the claim, plaintiff proffers: the complaint, verified by plaintiff personally (NYSCEF Doc. No. 1, 16), his affirmation on the motion (NYSCEF Doc. No. 20), a copy of his lease (NYSCEF Doc. No. 17), and an affirmation of counsel NYSCEF Doc. No. 15). The verified complaint states, in pertinent part:

> For a period commencing on or about June 1, 2024, and continuing to present, the other tenant [defendant Rosenberg] has engaged in a pattern of harassment against the Plaintiff. The other tenant has verbally abused and assaulted the plaintiff. The other tenant has played loud music throughout the night creating an unbearable living situation for the Plaintiff and the owner [defendant GG1 LLC] has been notified of this situation on many occasions and has refused to act. The other tenant had

159685/2024   COHEN, DAN vs. ROSENBERG, COREY ET AL
Motion No. 001

Page 2 of 4

[* 2]

and has dangerous, violent propensities, and the owner was aware of these violent and dangerous propensities. Finally, because of the owner's failure to act, the other tenant assaulted the plaintiff on August 11, 2024.
...
The tenant had been making threats against the Plaintiff for months. As well as engaging in all night parties and loud noise which the owner had and [sic] constructive knowledge about [NYSCEF Doc. No. 1, 16 ¶ 7, 20].

There is no question that "[l]andlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998] [internal quotes and cites omitted]). However, "[a] landlord has no duty to prevent one tenant from attacking another tenant unless it has the authority, ability, and opportunity to control the actions of the assailant" (*Britt v New York City Hous. Auth.*, 3 AD3d 514, 514 [2d Dept 2004], *lv denied* 2 NY3d 705 [2004]; *see Simms v St. Nicholas Ave. Hotel Co.*, 187 AD2d 373 [1st Dept 1992], *lv denied* 81 NY2d 704 [1993]).

The power to evict does not furnish a landlord "with a reasonable opportunity or effective means to prevent or remedy [a tenant's] unacceptable conduct [where] the incident giving rise to the injuries sustained, and indeed, the pattern of harassment alleged by the plaintiff, arose from a purely personal dispute between the two individuals" (*Blatt v New York City Hous. Auth.*, 123 AD2d 591, 593 [2d Dept 1986] [internal quotes omitted], *lv denied* 69 NY2d 603 [1987]).

Plaintiff has not sufficiently proven the facts constituting the claim as to the foreseeability of the assault or GG1 LLC's reasonable opportunity to control Rosenberg's actions (*see Henry v Storage Post*, 181 AD3d 543 [1st Dept 2020] [summary judgment granted to landlord where, even accepting purported hearsay statement of an employee of landlord that he had "had problems with the tenant, who harassed other tenants, and had called the police twice about him, and that some tenants and staff were fearful of

159685/2024   COHEN, DAN vs. ROSENBERG, COREY ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

him," there was "no evidence that the tenant had ever attempted to assault anyone or engaged in violent behavior"]; *Cortez v Delmar Realty Co., Inc.*, 57 AD3d 313 [1st Dept 2008] [summary judgment granted to landlord where tenant "was assaulted by an illegal subtenant of the building who was suspected of dealing drugs and ultimately evicted for nonpayment of rent"], *lv denied* 12 NY3d 774 [2009]; *Simms*, 187 AD2d at 373 [summary judgment granted to landlord, which "had no actual knowledge of the co-tenants' prior criminal history"]; *Firpi v New York City Hous. Auth.*, 175 AD2d 858 [2d Dept 1991] [summary judgment granted to landlord where, even though plaintiffs tenants reported history of harassing and assaultive conduct by another tenant, there was no notice of a foreseeable threat that tenant would attack the plaintiff with a knife; "the gravamen of the plaintiffs' claim in the case at bar is more accurately characterized as a failure to provide police protection, for which there can be no liability absent a special relationship"], *lv denied* 78 NY2d 864 [1991]; *Virella v 245 North St. Hous. Dev. Fund Corp.*, 188 AD3d 1618 [4th Dept 2020]; *see also Gill by Gill v New York City Hous. Auth.*, 130 AD2d 256, 263 [1st Dept 1987] [landlord could not be held liable "for failing to protect a tenant from harm having as its source the psychiatric condition of a cotenant"]).

It is therefore

ORDERED that plaintiff's motion for default judgment is denied.

This constitutes the decision and order of the Court.

| 3/6/2026 | | | | | |
|---|---|---|---|---|---|
| DATE | | | | MATTHEW V. GRIECO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |