Molina v Appula Mgt. Corp. (2026 NY Slip Op 01603)

Molina v Appula Mgt. Corp.

2026 NY Slip Op 01603

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 28863/20, 34052/20, 802338/21, 806175/21|Appeal No. 6133-6134|Case No. 2024-07722, 2025-02276|

[*1]Damarys Molina, Plaintiff-Respondent,
vAppula Management Corp. et al., Defendants-Appellants.
Carlos Matias, Plaintiff-Respondent,
vPicdale Realty LLC et al., Defendants-Appellants.
Joshua Pizarro, Plaintiff-Respondent,
vAppula Management Corp. et al., Defendants-Appellants.
Odell Genyard, Jr., et al., Plaintiffs-Respondents,
vPicdale Realty, LLC, et al., Defendants-Appellants.

Wade Clark Mulcahy LLP, New York (Robert J. Cosgrove of counsel), for appellants.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for Damarys Molina and Joshua Pizarro, respondents.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Carlos Matias, respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about November 29, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint in the action commenced under index No. 28863/20E on the basis that issues of fact existed as to whether defendants owed a duty to plaintiffs to prevent another tenant from deliberately setting a fire, unanimously reversed, on the law, without costs, and the motion granted to that limited extent. Order, same court (Naita A. Semaj, J.), entered on or about March 19, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the complaints in the actions commenced under Index Nos. 34052/20E, 802338/21E, and 806175/20E, based on the identification of the same issue of fact as found in the November 29, 2024 order, unanimously reversed, on the law, without costs, and the motions granted to the same extent with respect to the complaints in the actions commenced under index Nos. 34052/20E, and 802338/21E, and the appeal is otherwise dismissed as academic.
This appeal concerns a horrible tragedy in which a tenant in a five-story residential property used gasoline to set fire to the building. Plaintiffs are tenants who allegedly sustained injuries during the fire and sued defendants, the owners and managers of the apartment building, in four separate actions. One of the plaintiffs testified that he made several complaints to defendants concerning the tenant's behavior before the incident. Specifically, he reported to defendants that the tenant threatened "to kill everyone" in the building and was seen carrying gasoline tanks into the building. The motion court found that this testimony "raise[d] issues of fact as to whether defendants failed to take minimal measures to investigate the presence of gasoline in the apartment, and to protect the occupants from the risk of fire arising out of the presence of gasoline."
The motion court erred in applying the "minimal precaution" standard set forth in negligent security cases because the assailant here was not a third-party nontenant (see e.g. Burgos v Aqueduct Realty Corp., 92 NY2d 544 [1998]). Rather, he was a tenant in the building who was lawfully permitted to be there at the time of the fire. The appropriate test is, therefore, whether defendants lacked the "authority, ability, and opportunity to control" the tenant's actions such that they had a duty to prevent him from starting the fire (Britt v New York City Hous. Auth., 3 AD3d 514, 514 [2d Dept 2004], lv denied 2 NY3d 705 [2004]; see Cortez v Delmar Realty Co., Inc., 57 AD3d 313, 313 [1st Dept 2008], lv dismissed in part, denied in part 12 NY3d 774 [2009]. Applying that standard to the facts here, defendants had no authority or ability to evict the tenant under the lease or New York law prior to the fire (see Britt, 3 AD3d at 514; Firpi v New York City Hous. Auth., 175 AD2d 858, 859 [2d Dept 1991], lv denied 78 NY2d 864 [1991]). Moreover, plaintiffs failed to establish a clear basis under New York law for defendants to investigate, monitor, or control the tenant which could have prevented him from setting the fire (see Gill v New York City Hous. Auth., 130 AD2d 256, 263 [1st Dept 1987]). Accordingly, defendants established their entitlement to summary judgment on the basis of their inability to prevent the tenant from starting the fire that caused plaintiffs' injuries.
On appeal, defendants did not challenge the motion courts' findings that issues of fact exist as to whether defendants maintained the premises in such a way as to minimize injuries likely to be caused by a fire in the building. Accordingly, the Court need not address this issue. Finally, we take judicial notice of a stipulation of discontinuance filed by the parties in the action commenced under Index No. 806175/20E (see Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, 217 AD3d 410, 411 [1st Dept 2023]). Accordingly, defendants' appeal from the order denying its motion for summary judgment in that action is academic (see e.g., Papa v Papa, 7 AD3d 594, 595 [2d Dept 2004]).
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026