Rodriguez v Madison Sec. Group, Inc. (2026 NY Slip Op 01869)

Rodriguez v Madison Sec. Group, Inc.

2026 NY Slip Op 01869

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 36330/17|Appeal No. 6213|Case No. 2025-02510|

[*1]Lilian Rodriguez, Plaintiff-Respondent,
vMadison Security Group, Inc., Defendant-Respondent, Preservation Management, Inc. et al., Defendants-Appellants. Preservation Management, Inc. et al., Third-Party Plaintiffs-Appellants,

Wison Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for respondent.

Order, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered on or about February 6, 2025, which denied defendants Preservation Management, Inc. and Casco Bay Realty Limited Partnership's motion for summary judgment dismissing the complaint as against them and dismissing defendant Madison Security Group, Inc.'s cross-claims against them, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
The parties agree that defendants' summary judgment motion was not untimely, because the 120th day after the note of issue was filed was a Saturday, and the motion was made on the first available business day, which was the following Monday.
On the merits, Preservation Management and Casco Bay demonstrated prima facie that they were not liable for the third-party defendant's alleged assault on plaintiff. A landlord has no duty to prevent one tenant from attacking another tenant unless it has the authority, ability, and opportunity to control the actions of the assailant (Britt v New York City Hous. Auth., 3 AD3d 514, 514 [2d Dept 2004], lv denied 2 NY3d 705 [2004]; see Cortez v Delmar Realty Co., Inc., 57 AD3d 313, 313 [1st Dept 2008], lv dismissed in part, denied in part 12 NY3d 774 [2009]). Here, defendants had no authority or opportunity to remove Vasquez from the premises prior to the assault. Defendants' employee testified that defendants were unaware of prior complaints of Vasquez engaging in violence, and plaintiff acknowledged that before the attack she never complained about Vasquez being violent. Moreover, the assault upon the plaintiff was not reasonably foreseeable (see Britt, 3 AD3d at 514; Goris v New York City Hous. Auth., 227 AD3d 498, 498 [1st Dept 2024]).
Plaintiff failed to raise an issue of fact in opposition. Defendants' ability to evict Vasquez did not constitute the requisite authority, ability, and opportunity to control him (see Britt, 3 AD3d at 514). Plaintiff failed to identify any prior complaints about Vasquez being violent or making explicit threats of violence. Plaintiff's generalized complaints about unsupervised children on the complex and about other children engaging in bullying were not sufficient to put defendants on notice that Vasquez might be violent (see Goris, 227 AD3d at 498).
Because summary judgment should have been granted in favor of the moving defendants, their motion for summary judgment dismissing the cross-claims against them for common-law indemnification and contribution should have also been granted (see Dejesus v Downtown Re Holdings LLC, 217 AD3d 524, 527 [1st Dept 2023]; Balcazar v Commet 380, Inc., 199 AD3d 403, 404 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026