■ SUSAN STERK-KIRCH et al., Appellants, v UPTOWN COMMUNICATIONS & ELECTRIC, INC., Respondent, et al., Defendants. [2 NYS3d 80]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 26, 2013, which denied plaintiffs' motion for a default judgment against defendant Uptown Communications & Electric, Inc., unanimously affirmed, without costs. Order, same court and Justice, entered September 9, 2013, which, to the extent appealed from as limited by the briefs, granted Uptown's motion to dismiss the cause of action for conversion as against it, unanimously affirmed, without costs.

After serving the summons and complaint upon the Secretary

of State as agent of defendant Uptown pursuant to Business Corporation Law § 306 (b), plaintiffs failed to demonstrate, by submitting an affidavit on their motion for a default judgment, that they additionally served Uptown by first class mail at its last known address, as required by CPLR 3215 (g) (4) (i) (*see Balaguer v 1854 Monroe Ave. Hous. Dev. Fund Corp.*, 71 AD3d 407 [1st Dept 2010]). We reach this issue, although Uptown raised it for the first time on appeal, because the deficiency appears on the face of the record and could not have been avoided if it had been brought before the motion court (*see id.*).

The complaint fails to state a cause of action for conversion against Uptown based on its employee's conversion of plaintiffs' property (*see Naegele v Archdiocese of N.Y.*, 39 AD3d 270 [1st Dept 2007], *lv denied* 9 NY3d 803 [2007]). The employee took property from plaintiffs' apartment while he was supposed to be installing a cable box in the neighboring apartment. His conduct was not in furtherance of Uptown's business and within the scope of his employment, but was based on his own personal motives.

Plaintiffs argue that Uptown can be held vicariously liable for its employee's tortious conduct because the conduct was foreseeable. However, in determining the scope of Uptown's duty to plaintiffs, which is the threshold legal question, we find that the harm to plaintiffs was not "within the *reasonably* foreseeable risks" of Uptown's sending its employee to work in the neighboring apartment (*see Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997] [emphasis added]). Concur—Mazzarelli, J.P., De-Grasse, Manzanet-Daniels, Feinman and Gische, JJ.