| Hereford Ins. Co. v Tejada |
|:---:|
| 2025 NY Slip Op 31980(U) |
| June 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157430/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     __HON. JUDY H. KIM__                         PART          04

                                            *Justice*

-------------------------------------------------------------------------------X

HEREFORD INSURANCE COMPANY,

                            Plaintiff,

                  - v -

MIKE E. GRULLON TEJADA, MELVIN D LAGUAL
CUEVAS, ATLANTIC MEDICAL & DIAGNOSTIC,
PC,BELMONT MEDICAL CARE PC,BRONX DIAGNOSTIC
RADIOLOGY, PC,CLARITY CARE INC,
ELECTRODIAGNOSTIC AND PHYSICAL MEDICINE
PC,GUR MEDICAL SUPPLIES INC, JAMES AVELLINI
MEDICAL, PC,KHUSHBU P. VASANI PT, KUMAN
MEDICAL SUPPLY INC, MMC FACULTY PRACTICE, NILE
REHAB PHYSICAL THERAPY PC,PARK CHEMISTS 4 AV
LLC,PG PSYCHOLOGICAL SERVICES, PC,PHYSICAL
MEDICINE & REHABILITATION OF NEW YORK,
PC,PULSE MED SUPPLY CORP, QUEENS
ARTHROSCOPY AND SPORTS MEDICINE, PC,RADCITI
IMAGING PC,SCARBOROUGH CHIROPRACTIC,
PC,STAND-UP MRI OF THE BRONX PC,TERRA
CHIROPRACTIC PC,TOTAL ANESTHESIA PROVIDER PC,

                      Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157430/2023 |
| MOTION DATE | 02/15/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57

were read on this motion for                    JUDGMENT - DEFAULT                    .

Upon the foregoing documents, plaintiff's motion for a default judgment is granted on

default and for the reasons set forth below.

Plaintiff commenced this action on July 25, 2023, seeking a declaratory judgment that

plaintiff is not obligated to pay no-fault benefits for the medical treatment of defendant Mike E.

Grullon Tejada and Melvin D. Lagual Cuevas for injuries allegedly sustained in a motor vehicle

[* 1]

accident on October 1, 2022, based upon plaintiff's founded belief that the subject accident was staged and Tejada and Cuevas's failure to respond to post-EUO demands.

Plaintiff now moves for a default judgment against certain defendants, i.e. Belmont Medical Care PC, Bronx Diagnostic Radiology, PC, Clarity Care Inc, Electrodiagnostic and Physical Medicine PC, Gur Medical Supplies Inc, James Avellini Medical, PC, Khushbu P. Vasani Pt, Park Chemists 4 Av LLC, Pulse Med Supply Corp, Queens Arthroscopy and Sports Medicine, PC, Radciti Imaging Pc, Scarborough Chiropractic, Pc, Stand-Up MRI Of The Bronx PC, Terra Chiropractic PC, Total Anesthesia Provider PC; and Melvin D. Lagual Cuevas.

## DISCUSSION

In order to establish its entitlement to a default judgment pursuant to CPLR 3215, plaintiff must submit proof of: (1) service of the summons and complaint; (2) the facts constituting the claim; and (3) defendants' default in answering or appearing (*see Gordon Law Firm, P.C. v Premier DNA Corp.*, 205 AD3d 416, 416 [1st Dept 2022]). "CPLR 3215 does not contemplate that default judgments are to be rubberstamped once jurisdiction and a failure to appear has been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (*Feffer v Malpeso*, 210 AD2d 60 [1st Dept 1994]). Where, as here, service was initially effected pursuant to BCL § 306, plaintiff is also required to additional service of the summons by first class mail to defendant's last known address, per CPLR 3215(g)(4) (*see Sterk-Kirch v Uptown Communications & Elec, Inc.*, 124 AD3d 413, 414 [1st Dept 2015]).

Plaintiff has satisfied these requirements. To wit, plaintiff submits an affidavit of service documenting its service of the summons and complaint on the corporate defendants via the New York State Secretary of State and on the individual defendants pursuant to CPLR 308(2) (NYSCEF Doc No. 42, affidavits of service). It has also established its compliance with CPLR 3215(g)(4)

**157430/2023 HEREFORD INSURANCE COMPANY vs. TEJADA, MIKE E. GRULLON ET AL** **Page 2 of 4**
**Motion No. 001**

[* 2]

2 of 4

(*see* NYSCEF Doc. No. 44) and defendants' default through the affirmation of counsel attesting to these defendants' failure to answer (NYSCEF Doc No. 40, Tarasova affirm. at ¶6). While defendant Park Chemists 4 AV LLC, attempted to interpose an answer to the complaint on September 26, 2024, over a year after its default in answering and six months after the submission of the instant motion, is a nullity (*see Estrella v Herrera*, 23 AD3d 320, 321 [1st Dept 2005]).

Finally, plaintiff has established proof of the facts underlying its claim through the affidavit of Joronda McBurnie, its No-Fault Claims Supervisor, detailing the basis for plaintiff's conclusion that the underlying automobile accident was staged[1] (*see Hereford Ins. Co. v Interdependent Acupuncture PLLC*, 234 AD3d 410, 411 [1st Dept 2025]; *see also State Farm Mut. Auto. Ins. Co. v AK Glob. Supply Corp.*, 203 AD3d 556 [1st Dept 2022]).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECLARED** that Hereford Insurance Company has no duty to provide, pay or honor any current or future claims from Belmont Medical Care PC, Bronx Diagnostic Radiology, PC, Clarity Care Inc, Electrodiagnostic and Physical Medicine PC, Gur Medical Supplies Inc, James Avellini Medical, PC, Khushbu P. Vasani Pt, Park Chemists 4 Av LLC, Pulse Med Supply Corp, Queens Arthroscopy and Sports Medicine, PC, Radciti Imaging Pc, Scarborough Chiropractic, Pc, Stand-Up MRI Of The Bronx PC, Terra Chiropractic PC, Total Anesthesia Provider PC; and Melvin D. Lagual Cuevas for benefits under Hereford claim number 100224 or otherwise arising out of the motor vehicle collision October 1, 2022, involving Mike E. Grullon Tejada and Melvin D. Lagual Cuevas, and it is;

---

[1] In light of the foregoing Court declines to reach plaintiff's argument that the individual defendants' failure to respond to post-EUO demands provided independent grounds to deny the subject no-fault claims.

[* 3]

**ORDERED** that the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that plaintiff shall, within twenty days from the date of this decision and order, serve a copy of same with notice of entry upon defendants and upon the Clerk of the Court, who is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the Court.

6/4/2025
**DATE**

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157430/2023   HEREFORD INSURANCE COMPANY vs. TEJADA, MIKE E. GRULLON ET AL
Motion No.  001

Page 4 of 4

4 of 4

[* 4]