| |
|---|
| **Infinity Auto Ins. Co. v Marquez** |
| 2025 NY Slip Op 32301(U) |
| June 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155490/2024 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**                    PART                    **04**

*Justice*

-------------------------------------------------------------------------------X

INFINITY AUTO INSURANCE COMPANY,

INDEX NO.            155490/2024

Plaintiff,

MOTION DATE        01/17/2025

- v -

MOTION SEQ. NO.        001

KERIS MARQUEZ, BAY SHORE MEDICAL HEALTHCARE, PC, CENTRAL SUFFOLK SPINE & SPORTS CHIROPRACTIC, LLP, COMPREHENSIVE MRI OF NEW YORK, PC, MID ISLAND MEDICAL, PC, NEW YORK PAIN MEDICINE ASSOCIATE, PLLC, ORTHOCARE SUPPLIES INC, Q PHARMACY RX INC, RG PHYSICAL THERAPY, PC,

**DECISION + ORDER ON MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for                    JUDGMENT - DEFAULT              .

Upon the foregoing documents, plaintiff's motion for default judgment is granted.

In this action, plaintiff seeks a declaratory judgment that plaintiff is not obligated to pay no-fault benefits for the medical treatment of defendant Keris Marquez a/k/a Keris Antonio Marquez Hernandez ("Marquez") for injuries Marquez allegedly sustained in a motor vehicle collision on February 13, 2024, on the grounds that: plaintiff has a founded belief that the collision was not a covered event and that any alleged injuries or treatment did not arise therefrom; Marquez made a material misrepresentation in the procurement of the subject policy; and Marquez breached a condition precedent to coverage by failing to sign and subscribe her Examination Under Oath ("EUO") transcript.

155490/2024   INFINITY AUTO INSURANCE COMPANY, vs. MARQUEZ, KERIS ET AL          Page 1 of 4
   Motion No.  001

1 of 4

[* 1]

Plaintiff now moves for a default judgment against certain defendants, i.e., Comprehensive MRI of New York, PC, Mid Island Medical, PC, New York Pain Medicine Associate, PLLC a/k/a New York Pain Medicine, Orthocare Supplies, Inc, RG Physical Therapy, PC a/k/a Physical Therapy PC, RG, and Marquez. None of these defendants have submitted opposition.

**DISCUSSION**

In order to establish its entitlement to a default judgment pursuant to CPLR 3215, plaintiff must submit proof of: (1) service of the summons and complaint; (2) the facts constituting the claim; and (3) defendants' default in answering or appearing (*see Gordon Law Firm, P.C. v Premier DNA Corp.*, 205 AD3d 416, 416 [1st Dept 2022]). Where, as here, service was effected on certain defendants via the New York State Secretary of State pursuant to BCL §306, plaintiff is also required, per CPLR 3215(g)(4), to establish its additional service of the summons and complaint by first class mail at these defendants' last known address (*see Sterk-Kirch v Uptown Communications & Elec, Inc.*, 124 AD3d 413, 414 [1st Dept 2015]).

Plaintiff has satisfied these requirements. To wit, plaintiff submits an affidavit of service documenting its service of the summons and complaint on the corporate defendants via the New York State Secretary of State and on the individual defendants pursuant to CPLR 308(2) (NYSCEF Doc No. 21, affidavits of service). It has also established the additional mailing of the summons and complaint upon the corporate defendants as required by CPLR 3215(g)(4) (*see* NYSCEF Doc. No. 23, notices of default) and defendants' default (*see* NYSCEF Doc No. 19, Tarasova affirm.).

Finally, plaintiff has established proof of the facts constituting its claim through the affidavit of Denise Winant, a No-Fault claim representative employed by Merastar Insurance Company (NYSCEF Doc No. 24), detailing the basis for plaintiff's founded belief that the injuries alleged did not arise out of the February 13, 2024 collision (*see Hereford Ins. Co. v Interdependent*

155490/2024   INFINITY AUTO INSURANCE COMPANY, vs. MARQUEZ, KERIS ET AL          Page 2 of 4
  Motion No.  001

2 of 4

[* 2]

*Acupuncture PLLC*, 234 AD3d 410, 411 [1st Dept 2025]; *see also State Farm Mut. Auto. Ins. Co. v AK Glob. Supply Corp.*, 203 AD3d 556 [1st Dept 2022]) and proof that Marquez failed to subscribe his EUO transcript (*see* NYSCEF Doc Nos. 29, 32), a condition precedent to coverage (*see State Farm Fire and Cas. Co. v Atl. Diagnostic, L.L.C.*, 82 Misc 3d 1229(A) [Sup Ct, NY County 2024]).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECLARED** that the plaintiff owes no duty to provide, pay, or honor any no-fault claims of Comprehensive MRI of New York, PC, Mid Island Medical, PC, New York Pain Medicine Associate, PLLC a/k/a New York Pain Medicine, Orthocare Supplies, Inc, RG Physical Therapy, PC a/k/a Physical Therapy PC, RG, and Keris Marquez a/k/a Keris Antonio Marquez Hernandez with respect to the alleged collision that occurred on February 13, 2024, referenced by Infinity Auto Insurance Company claim number 24123496424; and it is further

**ORDERED** that this action is severed and shall proceed against defendants Bay Shore Medical Healthcare, PC, Central Suffolk Spine & Sports Chiropractic, LLP, and Q Pharmacy Rx Inc.; and it is

**ORDERED** that plaintiff shall, within twenty days from the date of this decision and order, serve a copy of same with notice of entry upon defendants and upon the Clerk of the Court, who is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for*

155490/2024   INFINITY AUTO INSURANCE COMPANY, vs. MARQUEZ, KERIS ET AL          Page 3 of 4
Motion No.  001

3 of 4

[* 3]

*Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the Court.

**6/30/2025**
**DATE**

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

155490/2024   INFINITY AUTO INSURANCE COMPANY, vs. MARQUEZ, KERIS ET AL         Page 4 of 4
Motion No.  001

4 of 4

[* 4]