| |
|---|
| **Unitrin Safeguard Ins. Co. v Roobel** |
| 2026 NY Slip Op 30787(U) |
| March 9, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No, 153375/2025 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MATTHEW V. GRIECO**     PART     **30M**

*Justice*

-------------------------------------------------------------------------X

UNITRIN SAFEGUARD INSURANCE COMPANY,

          Plaintiff,

       - v -

JASMEN ROOBEL, AMERICAN MEDICAL INITIATIVES,
PC, ANRU MEDICAL SUPPLY CORP, EMPIREMED
SUPPLIES, INC, GAETAN MARIE, GET WELL RX, INC,
HEALING RECOVERY ORTHO CORP, NEW ARENA PT,
PC, UNEX MED EQUIPMENT CORP, WILLIAM L. KING,
MD, PC

          Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153375/2025 |
| MOTION DATE | 10/23/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for          JUDGMENT - DEFAULT      .

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's motion for a default judgment is denied.

On March 13, 2025, plaintiff, Unitrin Safeguard Insurance Company, and any and all of their subsidiaries, affiliates, underwriting or parent companies ("Unitrin"), commenced this action for a declaratory judgment that it owes no duty to pay any no-fault claims arising out of a motor vehicle accident that allegedly occurred on April 10, 2024 (NYSCEF Doc. No. 1 [Summons and Complaint]).

Defendants New Arena PT, P.C. ("New Arena"), Empiremed Supplies, Inc. ("Empiremed"), William L. King, MD, P.C. ("King"), and Gaetan Jean Marie, Family Health NP, PLLC ("Gaetan") filed answers (NYSCEF Doc Nos. 2, 16, 20).

On October 23, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 against the non-answering defendants: Jasmen Roobel, American Medical

[* 1]

Initiatives, PC ("American"), Anru Medical Supply Corp. ("Anru"), Get Well Rx, Inc. ("Get Well"), Healing Recovery Ortho Corp. ("Healing Recovery"), and Unex Med Equipment Corp. ("Unex") (NYSCEF Doc. Nos. 23-24).

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

Here, plaintiff has established service on the individual defendant, by submitting an affidavit of service under CPLR 308(2) (delivery upon a person of suitable age at the usual place of abode and mailing) and non-miliary affidavit and related search (NYSCEF Doc. Nos. 10, 27). Regarding the corporate defendants, plaintiff has presented affidavits of service through the Secretary of State under Business Corporation Law § 306(b) (NYSCEF Doc. Nos. 6-9, 12), but absent is any affidavit of the additional service by mail required by CPLR 3215(g)(4), and therefore has not demonstrated proper service as to them (*see Sterk-Kirch v Uptown Communications & Elec., Inc.*, 124 AD3d 413 [1st Dept 2015]).

153375/2025   UNITRIN SAFEGUARD INSURANCE COMPANY vs. ROOBEL, JASMEN ET AL        Page 2 of 4
Motion No.  001

2 of 4

[* 2]

As to the facts constituting the claim, the complaint (NYSCEF Doc. No. 1), supported by an affirmation of a Unitrin adjuster (NYSCEF Doc. No. 29), a police accident report (NYSCEF Doc. No. 30), a no-fault claim form (NYSCEF Doc. No. 31), claimant Roobel's EUO transcript (NYSCEF Doc. No. 32), and counsel's affirmation in support of the motion (NYSCEF Doc. No. 24), shows that plaintiff had a reasonable basis to request an EUO of the claimant, who appeared and testified, and that plaintiff continued to harbor legitimate doubts whether the claimed injuries had been suffered or were causally related to the accident, thus necessitating EUOs of the medical providers. Plaintiff states that EUOs were requested of the medical providers,[1] and that they failed to attend, but has not proffered any scheduling letters, other correspondence, EUO transcripts, or even details of any pertinent dates; thus, it cannot be determined whether EUOs were properly scheduled or notices sent, and there is no substantiation for a no show.

The first cause of action, upon which default judgment is sought, seeks a declaration of no obligation to pay any no-fault claims pertaining to the alleged accident, based on plaintiff's conclusion that "the loss was not a covered event or that the treatment was not related to the loss," which determination was grounded, at least in part, on the medical providers' failure to attend scheduled EUOs at which plaintiff could inquire about the legitimacy and medical necessity of the purported medical treatments (NYSCEF Doc. No. 1 at 8). Notably, plaintiff does not seek default judgment on its second cause of action, seeking a declaration based on the failure of American,

---

[1] At times, plaintiff indicates that all the medical providers were scheduled for and failed to appear at EUOs (*see e.g.* NYSCEF Doc. No. 1 at 8), but elsewhere states that that pertains only to American, Empiremed, Gaetan, Get Well, Healing Recovery, and New Arena (*see e.g.* NYSCEF Doc. No. 1 at 9-10).

[* 3]

Empiremed, Gaetan, Get Well, Healing Recovery, and New Arena to attend their scheduled EUOs, which "breached a condition precedent to coverage as established by the No-Fault Regulation and the subject policy of insurance" (NYSCEF Doc. No. 1 at 10). Accordingly, plaintiff has not met its burden of proving the facts constituting the claim.

It is therefore

ORDERED that plaintiff's motion for default judgment is denied without prejudice to renew.

This constitutes the decision and order of the Court.

| 3/9/2026 | | | | | |
|----------|--|--|--|--|--|
| DATE | | | MATTHEW V. GRIECO, J.S.C. | | |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE